08-6020-cr
*United States v. Feuer*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of December, two thousand and ten.

PRESENT: WILFRED FEINBERG,
         BARRINGTON D. PARKER,
         RICHARD C. WESLEY,
                 *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                 *Appellee,*

         -v.-                                08-6020-cr

EDWARD C. FEUER,

                 *Defendant-Appellant,*

---

FOR APPELLANT:       KIM P. BONSTROM, Bonstrom & Murphy,
                     Shelter Island, NY.

FOR APPELLEE:        MARK LANPHER, Assistant United States
                     Attorney, (Katherine Polk Failla,
                     Assistant United States Attorney, *on the
                     brief*), *for* Preet Bharara, United States
                     Attorney for the Southern District of New
                     York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Edward C. Feuer appeals from a judgment entered on November 3, 2008 by the United States District Court for the Southern District of New York (Pauley, *J.*) sentencing Feuer to 84 months' imprisonment following a jury verdict finding Feuer guilty of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Feuer argues that his Sixth Amendment rights were violated because the district court excluded evidence and argument regarding the consequences of conviction and instructed the jury that it could not consider sentencing consequences. Except in certain limited circumstances, a defendant has "no legal right to a charge informing the jury of the sentencing consequences of its decision." *United States v. Pabon-Cruz*, 391 F.3d 86, 94 (2d Cir. 2004). *See also Shannon v. United States*, 512 U.S. 573, 579 (1994); *United States v. Polouizzi*, 564 F.3d 142, 160-61 (2d Cir.

2

2009).  Likewise, except in certain limited circumstances, a defendant has no legal right to introduce evidence or argument regarding sentencing consequences.  Feuer makes no showing of exceptional circumstances here and, accordingly, we find no Sixth Amendment violation. *See Shannon*, 512 U.S. at 587 (explaining such circumstances).

Similarly, Feuer argues that the district court misunderstood and abused its discretion by excluding argument on, and jury consideration of, sentencing consequences.  In *Polouizzi*, our Court held that declining to inform a jury of sentencing consequences is "certainly within [a district court's] discretion."  *Polouizzi*, 564 F.3d at 160. In this case, the district court explained that "providing jurors with sentencing information invites them to ponder matters that are not within their province, distracts them from their fact-finding responsibilities and creates a strong possibility of confusion, as the Supreme Court held in *Shannon* . . . ."  The district court thus reasonably discussed the factors that persuaded it why the jury should not learn of sentencing consequences in this case.  Based on this record, we find no suggestion that the district court either misunderstood or abused its

3

discretion.

Feuer next argues that the district court erred in denying his application for a psychiatric examination and determining that Feuer was competent to stand trial and proceed to sentencing. A competency hearing is not required every time a defendant requests one. *United States v. Nichols*, 56 F.3d 403, 414 (2d Cir. 1995); 18 U.S.C. § 4241(a). Due process requires a court to order a competency hearing "if the court has reasonable cause to believe that the defendant has a mental defect rendering him incompetent." *Nichols*, 56 F.3d at 414 (internal quotation marks and citations omitted). We review a district court's determination that there was no reasonable cause to believe that a defendant is mentally incompetent for abuse of discretion. *United States v. Quintieri*, 306 F.3d 1217, 1232-33 (2d Cir. 2002); *United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir. 1986) (explaining that our review should be with "deference . . . to the district court's determinations based on observations of the defendant during the proceedings").

The district court did not violate Feuer's due process rights or abuse its discretion by finding that there was no

4

reasonable cause to believe that Feuer was incompetent. The district court directly questioned Feuer on multiple occasions and sought to ascertain whether he understood the nature and gravity of the proceedings. Based on these conversations and its observations of Feuer, the court determined that Feuer was competent and reasonably concluded that the concerns expressed by his counsel did not demonstrate incompetence. The district court expressed a reasonable view of the evidence and thus it did not abuse its discretion. *Nichols*, 56 F.3d at 411 ("[w]here there are two permissible views of the evidence as to competency, the court's choice between them cannot be deemed clearly erroneous" (citation and internal quotation marks omitted)).

In opposition, Feuer relies on the district court's recognition at sentencing that Feuer has mental problems. The district court observed "a terrible, a frightening disconnect between Mr. Feuer and the world around him," found that "[t]he reports indicate that Mr. Feuer may have certain difficult understanding why what he did was wrong," and noted that it is "clear that this defendant needs a great deal of psychological help." None of these observations shows that the district court abused its

discretion.  The district court also concluded, however, despite all of these observations that, "I think that Mr. Feuer is perfectly capable of understanding everything around him."  Given that the court based this factual finding on its observations of and discussions with Feuer - and that these exchanges did not suggest that Feuer lacked an ability to understand the proceedings - we defer to the district court's findings.

Finally, Feuer argues that his sentence was substantively unreasonable.  We disagree.  The district court discussed the reasons for Feuer's sentence and did not, as Feuer contends, exhibit undue disgust with Feuer's behavior or undue deference to the Guidelines.  The district court stated that it considered all of the § 3553(a) factors, and there is no evidence to suggest otherwise. The court then rendered its sentence against the backdrop of "the need for deterrence, the need for this defendant to understand that what he did was wrong, that he has some problems that need to be addressed with extensive and ongoing therapy."  Given these proper considerations and the below Guidelines sentence ultimately imposed, we conclude that the sentence was not substantively

unreasonable.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk